In the Matter of C. JOHN PRINCE (Admitted as CLARENCE J. PRINCE), an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, June 1, 1981

#### APPEARANCES OF COUNSEL

*Frank A. Finnerty, Jr. (Gary L. Casella* of counsel), for petitioner.

*Robert E. Green* for respondent.

#### OPINION OF THE COURT

*Per Curiam.*

The respondent was admitted to practice by this court on April 27, 1938, under the name of Clarence J. Prince.

The respondent was charged with the following allegations of misconduct:

Charge One: The respondent was guilty of conduct involving dishonesty, fraud, deceit and a gross conflict of interest in that, after he was retained to stop the sale of a house by the Public Administrator and to reform the deed for said property, he, among other things, entered a successful bid for the property on behalf of his clients, and had his clients execute an assignment of the contract of sale from the Public Administrator to a corporation in which the respondent was an officer and his wife was the sole stockholder, without explaining to his clients the nature of the documents they were signing; that the respondent later reconveyed the property back to his clients, after obtaining an FHA mortgage for them; and that the aggregate price paid by the clients for the premises was approximately $22,000 more than the corporation had paid.

Charge Two: The respondent was guilty of conduct involving dishonesty, fraud, deceit and misrepresentation by converting escrow funds entrusted to him, in that, among other things, he converted escrow funds in the amount of $8,000 by drawing checks payable against said funds to be applied in payment of his own personal obligations and for his own benefit.

Charge Three: The respondent was guilty of failing to maintain a duly constituted escrow account and of commingling clients' funds.

Charge Four: The respondent failed to co-operate with the petitioner Grievance Committee in its investigation of complaints regarding the afore-mentioned misconduct.

The Referee found respondent guilty of all of the allegations of misconduct, with the exception of charge two which alleged conversion.

The petitioner has moved to confirm in part and disaffirm in part the Referee's report and respondent has cross-moved to disaffirm said report as to charges one, three and four and to confirm the report as to charge two. After reviewing all of the evidence we are convinced that all of the charges of misconduct were proven, and we therefore find the respondent guilty of each of the afore-mentioned charges. Accordingly, the petitioner's motion to confirm in part and disaffirm in part the Referee's report is granted and the respondent's cross motion is denied.

The respondent is adjudged guilty of serious professional misconduct and should be, and hereby is, disbarred from the further practice of law, and his name is ordered stricken from the roll of attorneys and counselors at law effective forthwith.

MOLLEN, P. J., HOPKINS, DAMIANI, TITONE and LAZER, JJ., concur.